UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80266-CIV-MARRA/MATTHEWMAN

SYLVIA HUNT,

Plaintiff,

vs.

TARGET CORPORATION, d/b/a TARGET
a foreign corporation, and MICHAEL RUSSELL,
as Store Manager,

Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion for Remand (DE 4).  The motion is

fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise

fully advised in the premises.

I. Background

On October 30, 2013, Plaintiff Sylvia Hunt ("Plaintiff") filed a two-count Complaint

alleging negligence against Target Corporation ("Target") and Michael Russell ("Russell")

(collectively, "Defendants"), arising from a slip-and-fall incident on January 28, 2013. (Compl. ¶

¶ 5.)  On February 20, 2013, Target filed a Notice of Removal. (DE 1.)  The Complaint alleges

the following:

Target owned, maintained, and/or controlled a Target store located at 21637 State Road 7,

Boca Raton, Florida. (Compl. ¶ 5.)  Russell was the manager of the store. (Compl. ¶ 6.)  On

January 28, 2013, Plaintiff slipped on liquid located on the store's floor. (Compl. ¶ ¶ 5, 7.)

Target and Russell, as the manager of the store, breached their duty of care to Plaintiff with

respect to maintaining and examining the floors, exercising reasonable care in the care of the floors, failing to use reasonable care in the design, planning, inspection and maintenance of the floors and failing to warn Plaintiff of the dangerous condition.  (Compl. ¶ ¶ 10, 13, 15.)  These acts by Target and Russell were the proximate cause of the injuries sustained by Plaintiff. (Compl. ¶ ¶ 11, 16.)

Target has submitted an affidavit of Russell, which states he was present at the store on the day of incident. (Russell Aff. ¶ ¶ 3-4.)  He reported to the location of the fall after Plaintiff fell. (Id. at ¶ 5.)  He was not personally involved in any tortious act or conduct relating to this incident, did not have prior knowledge of any dangerous or hazardous condition involving the area in question and did not cause the placement of any liquid substance on the floor. (Id. at ¶ ¶ 6-8.)

Plaintiff moves to remand this action, stating that she has asserted a proper claim against Russell and that Florida law recognizes an individual tort claim against a store manager when the complaint alleges that the individual committed or participated in the negligent action.  In response, Target argues that Russell was fraudulently joined.

II. Discussion

The Eleventh Circuit in Stillwell v. Allstate Ins. Co., 663 F.3d 1329 (11th Cir. 2011) explained diversity jurisdiction in the context of  fraudulent joinder:

> An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. When a case is removed based on diversity jurisdiction . . . the case must be remanded to state court if there is not complete diversity between the parties, or one of the defendants is a citizen of the state in which the suit is filed. However, when a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. In such a case,

the plaintiff is said to have fraudulently joined the non-diverse defendant.

To establish fraudulent joinder, the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. This burden is a heavy one.

Stillwell, 663 F.3d at 1332 (internal citations and quotation marks omitted).

Here, the issue turns on whether liability can be imposed on Russell, the store manager. "Individual officers and agents of a corporation are personally liable when they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents." McElveen By and Through McElveen v. Peeler, 544 So. 2d 270, 271 (Fla. Dist. Ct. App. 1989). "A corporate officer or agent must be alleged to have acted tortiously in his individual capacity in order to be individually liable." Id. Put another way, "[o]fficers of a corporation are not liable for corporate acts simply by reason of the officer's relation to the corporation." E & A Produce Corp. v. Olmo, 864 So. 2d 447, 448 (Fla. Dist. Ct. App. 2003); see White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) ("officer or agent may not be held personally liable 'simply because of his general administrative responsibility for performance of some function of his [or her] employment'—he or she must be actively negligent.")

After reviewing the allegations of the Complaint, and taking those allegations to be true, the Court finds the Complaint adequately alleges that Russell individually engaged in tortious conduct. (Compl. ¶ ¶ 13-16.) While it is true that the Complaint alleges Russell acted as manager, the Complaint also alleges he had a duty to Plaintiff and engaged in negligent acts that caused Plaintiff's injuries. (Id.) However, as noted by Defendant, "the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal,

supplemented by any affidavits and deposition transcripts submitted by the parties." <u>Pacheco de Perez v. AT& T Co.</u>, 139 F.3d 1368, 1380 (11th Cir. 1998); <u>see also</u> <u>Legg v. Wyeth</u>, 428 F.3d 1317, 1322 (11th Cir. 2005) (finding error where district court relied solely on allegations in the plaintiffs' complaint and refused to consider the defendants' affidavits in determining whether joinder of the resident defendant was fraudulent). In resolving a claim of fraudulent joinder, the Court uses the same standard as when ruling on a motion for summary judgment. <u>Legg</u>, 428 F.3d at 1322-23.

After careful consideration of the affidavit, the Court finds that the affidavit does not overcome the allegations of the Complaint so that it can be said, as a matter of law, Plaintiff's claim against Russell is not "an arguable one under state law." <u>Pacheco de Perez</u>, 139 F.3d at 1380-81. Thus, Target has not demonstrated that Russell was fraudulently joined. To begin, the Court finds that important aspects of Russell's affidavit are conclusory. Specifically, the portions of the affidavit which assert that Russell "was not personally involved in any tortious act or conduct" and he "did not cause or contribute to the dropping or placement of any liquid substance or other substance on the floor" are conclusory (<u>see</u> Aff. ¶ ¶ 6, 8). Therefore, the affidavit does not meet Target's burden. <u>See</u> <u>Ellis v. England</u>, 432 F.3d 1321, 1325–26 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"); <u>Bald Mountain Park Ltd. v. Oliver</u>, 863 F.2d 1560, 1563 (11th Cir.1989) (same).[1] Moreover, the affidavit does not address all of the alleged tortious conduct. For example, the Complaint alleges that Russell had a duty to maintain the premises from unsafe conditions. Even though Russell states that he did not know about any dangerous condition or contribute to the placement of the liquid on

---

[1] If district courts are to review questions of fraudulent joinder using the same standard as when ruling on a motion for summary judgment, <u>Legg</u>, 428 F.3d at 1322-23, then conclusory affidavits cannot be used to support a claim of fraudulent joinder.

the floor, that assertion does not overcome Russell's alleged failure fulfill a duty to "properly maintain and examine the floors to make sure they were safe and free from liquid and debris" or Russell's alleged failure to "utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors." (Compl. ¶¶ 15a. and 15b.)  Thus, the Court finds that the affidavit fails to defeat an arguable claim under state law by Plaintiff against Russell. For that reason, the Court cannot conclude that Russell has been fraudulent joined.

For the foregoing reasons, Plaintiff's motion for remand is granted.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (DE 4) is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

 The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge